CASE 35—INDICTMENT—MARCH 28, 1882.

# Commonwealth v. W. B. Green.

### APPEAL FROM MONROE CIRCUIT COURT.

1. Sections 5 and 8, chapter 1496, Acts 1879, should not be construed so as to interfere with the professional duty of physicians.
2. The *facts* showing bad faith must be averred, and the indictment is therefore insufficient.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The averment of bad faith is made in the indictment, and this is all that was necessary.

W. H. BOTTS FOR APPELLEE.

1. The indictment does not charge that the prescription given by appellee was plainly written or printed, and is therefore bad on demurrer.
2. It is not the policy of the law to interfere with the professional duty of physicians, and the statute should be strictly construed.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The indictment is defective, and the demurrer was properly sustained. Whether the physician made a proper examination of the patient with the purpose of administering the whisky as a medicine in good faith is not to be determined by the pleader. It will not always answer in a pleading to follow the language of the statute in framing an indictment, and this is of that class of cases.

The examination of the patient may have been thorough on the part of the physician, and still, in the opinion of the pleader, or of the grand jury, not a proper examination. The facts must be alleged, showing a violation of the statute, either that the physician, with the intent to avoid the statute, and knowing the party was in no want of the stimulant, prescribed it for him, or that he gave him the whisky without making any examination whatever for the purpose of ascertaining whether he was in need of the liquor given him. This statute should not be so construed as to interfere with professional duty, and before the physician can be subjected to a fine for its violation the facts showing his bad faith in administering the whisky must be alleged and proven.

The judgment is affirmed.